11WALTZER, Judge.
STATEMENT OF THE CASE
On 31 January 1997, the State of Louisiana applied to the trial court by original petition, # 41-680 B, State of Louisiana v. U.S. Currency $1330.00 1977 Chevrolet Corvette VIN # 1Z37X75422060 David Watts, for forfeiture of the referenced car and cash pursuant to the provisions of La. R.S. 40:2615(A).
Attached to the petition were the following documents:
1. Sworn verification of Sgt. Warren Gilbert attesting that he served notice of pending forfeiture on Watts on 30 December 1996, and that as of 31 January 1997 no claim relevant to the notice was received by the Plaquemines Parish District Attorney or Sheriff;
2. Sgt. Gilbert’s affidavit of proof of service on Watts pursuant to La.R.S. 40:2608(4);
3. Sgt. Gilbert’s affidavit of 29 October 1996 relating to the predicate offense;
4. Copy of Notice of Pending Forfeiture served on Watts;
| pBased on the foregoing documentation, the trial court rendered judgment of forfeiture on 31 January 1997.
The matter came for contradictory rehearing on 8 September 1999, at which counsel for Watts alone was present. The record does not contain a transcript of that hearing or copies of a motion for rehearing or memoranda in support or in opposition *883 thereto. On 20 September 1999 the trial court entered judgment canceling the previous forfeiture of the car and cash, and ordering the return of both to Watts. The record contains no reasons for judgment.
STATEMENT OF FACTS
Sgt. Gilbert’s uncontroverted affidavit was based on knowledge resulting from his supervisory position in the Sheriffs narcotics division, gained through personal contact with investigating officers and review of their case reports. According to the affidavit, Sgt. Gilbert has extensive training and experience in narcotics investigation and is thoroughly familiar with the general pattern of illegal drug trafficking.
On 5 January 1996, Deputy Mike Navo conducted a traffic stop on the Corvette in Belle Chasse, Louisiana. Watts, the driver, was cited for traveling 55 miles per hour in a 40 miles per hour zone and was arrested for violation of La.R.S. 32:64. Incidental to the arrest, Deputy Navo conducted a pat-down search and retrieved a bag of white powder which field tested positive for cocaine. The deputy also seized $1330 in cash.
| oSgt. Gilbert spoke with “Charles” at the state Department of Labor and ascertained that Watts’ social security number showed no reported income from April 1995 through June 1996. The title removed from the Corvette on 18 December 1996 showed that Watts purchased the car for $1500 in cash.
Gilbert averred that the amount of cocaine and packaging indicate that defendant is in the business of selling cocaine and used the car as a conveyance in trafficking illegal drugs. He concludes, based on his drug enforcement experience, that Watts did not have the financial capacity to purchase, maintain or insure the car and that the car and cash were obtained with proceeds of illegal drug sales. The car was used to facilitate Watts’ possession and distribution of the cocaine.
There is nothing in the record on appeal to show that Watts, who was served with notice of the proposed forfeiture, took advantage of the provisions of La.R.S. 40:2609-10 to file a claim to exempt the car and cash from forfeiture.
FIRST ASSIGNMENT OF ERROR: The court possessing criminal jurisdiction over the defendant had no jurisdiction to order the release of seized property in the civil forfeiture case.
It appears from the record that the State’s petition for forfeiture was filed in a new civil proceeding. There is nothing in the record to support the State’s contention that the forfeiture judgments were rendered in a criminal case. Attached to appellee’s brief as Exhibit 1 is what purports to be a copy of Watts’ Motion for Return of Seized Property, bearing the caption No. 96-1735 B, “State of 14Louisiana v. David T. Watts” and as Exhibit 2 what purports to be a copy of a letter of 20 March 1998 from Assistant District Attorney Anthony D. Ragusa, Jr. referencing both the criminal case, 96-1735, and the civil forfeiture case, #41-680. Neither of these documents is properly before this Court and, therefore, will not be considered as evidence of their contents.
Since both the judgment appealed from and the original judgment granting forfeiture bear the caption of the civil forfeiture proceeding, # 41-680 B, “State of Louisiana v. 1977 Chevrolet Corvette, VIN # 1Z37X75422060 and $1330.00 U.S. Currency,” it does not appear that either judgment was improperly rendered in a criminal proceeding. Therefore, this assignment of error is without merit.
SECOND ASSIGNMENT OF ERROR: The trial court improperly rendered an ex parte civil judgment.
There is absolutely nothing in the record to support Watts’ allegations in brief concerning the progress of the criminal case. Neither have we been favored with any reasons for the judgment from which the State appeals. This Court is a court of record and may not consider evi *884 dence not before it. Based on the only facts of record, we find no support for the judgment on rehearing. Watts has provided only his counsel’s allegations in brief of what the trial judge said at the forfeiture hearing and of the disposition of the criminal charges. On the face of the record, we find no evidence to support the trial court’s action vacating its forfeiture judgment. In the absence of any supporting evidence, the judgment from which |fithe State appeals is clearly wrong and manifestly erroneous. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
CONCLUSION AND DECREE
For the foregoing reasons, the judgment of the trial court of 20 September 1999 is reversed and the judgment of 31 January 1997 is reinstated.
REVERSED AND RENDERED.
MURRAY, J., CONCURS IN RESULT.
JONES, J., DISSENTS WITH REASONS.